**Evelyn L. HOUSTON, Plaintiff–
Appellant,**

v.

**SIDLEY & AUSTIN, Defendant–
Appellee.**

No. 98–4064.

United States Court of Appeals,
Seventh Circuit.

Submitted June 23, 1999.*

Decided July 26, 1999.

Evelyn L. Houston (submitted), Park Forest, IL, for Plaintiff–Appellant.

Lawrence I. Kipperman (submitted), Sidley & Austin, Chicago, IL, for Defendant–Appellee.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before MANION, KANNE, and DIANE P. WOOD, Circuit Judges.

MANION, Circuit Judge.

In this case we have to decide a procedural issue of some importance to federal discrimination suits: when does the 90–day limitations period begin to run after the EEOC has sent a right-to-sue letter. The district court concluded that this suit was untimely because it was unreasonable for the plaintiff to pick up her right-to-sue letter seven days after receiving the first notice from the Post Office, and so granted summary judgment for the defendant. The district court's "reasonableness" test contradicts this court's prior decisions, which have held that the limitations period begins to run when the plaintiff receives actual notice unless she is at fault for not receiving actual notice. Because the plaintiff picked up her letter in the time permitted by the Post Office, we presume she acted without fault. We therefore reverse the district court.

The factual record here is largely undeveloped. We relate the facts in the light most favorable to the plaintiff. Evelyn Houston, who appears in this court *pro se* as she did in the district court, was employed by defendant Sidley & Austin until September 1997. (She had apparently been on medical leave since 1993.) Houston then filed charges with the EEOC alleging unlawful discrimination and retaliation. On May 27, 1998, the EEOC sent Houston a right-to-sue letter via certified mail. The Post Office left the first notice of this letter on June 2, 1998, and a second notice on June 7. Houston picked up the letter from the Post Office on June 9. The letter informed Houston that she had to bring suit within 90 days of receiving the letter or her right to sue would be lost. On September 4, 1998, Houston filed this suit. She alleged claims under the Americans with Disabilities Act (ADA), 42 U.S.C.

§ 12101 *et seq.*, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e–2 *et seq.*

■ In its affirmative defenses, Sidley & Austin asserted that the suit was barred by the 90–day limitations period. (The suit would be untimely if this period had begun to run before June 6, 1998.) The district court *sua sponte* ordered Sidley & Austin to submit pleadings in support of its untimeliness defense. Sidley & Austin's submission suggested that discovery was needed, and the district court ordered it. Houston complied by submitting the envelope in which her right-to-sue letter had come and an affidavit stating that she picked the letter up from the Post Office on June 9. The district court ordered the parties to submit a list of citations in support of their legal positions, which Sidley & Austin did. Houston informed the court that she had no access to legal research tools, and the court told her that it would also conduct its own research rather than simply relying on what Sidley & Austin submitted. On November 20, 1998, the court dismissed Houston's suit as untimely. The court held that after receiving notice from the Post Office that the certified letter was waiting for her, Houston had a "reasonable short time" in which to pick up the letter, and if she failed to do so, the 90–day limitations period would begin to run. Apparently the district court concluded that a "reasonable short time" was less than four days in this case. Because this "dismissal" was based on a factual record developed outside the complaint, it is in fact a grant of summary judgment. Fed.R.Civ.P. 12(b).[1]

■ Under the ADA, ADEA, and Title VII, a plaintiff must file her suit within 90 days from the date the EEOC gives notice

---

1. Under *Lewis v. Faulkner,* 689 F.2d 100, 102 (7th Cir.1982), and *Timms v. Frank,* 953 F.2d 281, 285 (7th Cir.1992), *pro se* civil litigants are entitled to a plainly-worded notice of the consequences of failing to respond to a summary judgment motion. Houston was not given such notice in this case.

of the right to sue. 42 U.S.C. § 12117(a); 29 U.S.C. § 626(e); 42 U.S.C. § 2000e–5(f)(1). This court held that this 90–day period begins to run when the claimant receives actual notice of her right to sue. *See Saxton v. American Tel. & Tel. Co.*, 10 F.3d 526, 532 n. 11 (7th Cir.1993) (citing *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312 (7th Cir.1984)). But in *St. Louis v. Alverno College*, 744 F.2d 1314, 1316–17 (7th Cir.1984), we held that the actual notice rule does not apply to plaintiffs who fail to receive actual notice through their own fault. In *Alverno College*, we held it was the plaintiff's fault that he did not actually receive the right-to-sue letter for several months because he had failed to notify the EEOC of his new address as required. In this case, Houston's suit would be untimely only if we hold that she was at fault for not getting her right-to-sue letter on or before June 5, 1998—three days after the Post Office first notified Houston that she had a certified letter.[2]

■■■■ The notice that the Post Office sent to Houston told her that if she did not pick up the certified letter by a certain date, it would be returned to the sender. (It is not clear exactly what this date was, but it appears to be June 12.)[3] Houston picked up the letter within the time permitted by the Post Office. Sidley & Austin would have us ask whether Houston should have picked the letter up sooner

than she did. We see very little utility in the district court having to examine the reasons Houston gave for picking up the letter on the 9th rather than the 5th and determining whether they were "reasonable."[4] Such a rule would lead to uncertainty and unnecessarily subjective adjudication. Plaintiffs would not know when exactly the 90–day period begins to run. In this case, the Post Office notified Houston that she had to pick up her certified mail by a certain date. She did that. The EEOC's right-to-sue letter told her she had to file her suit within 90 days of receiving the letter. She did that. We presume that she cannot be faulted for not getting the letter a few days sooner, or for taking the right-to-sue letter at its word about when she had to file suit. We therefore hold that when the EEOC sends a right-to-sue letter by certified mail, the 90–day limitations period presumptively begins to run on the day the plaintiff actually received the letter, so long as she picks it up within the time that the Post Office's notice gives her before it will be returned to the sender. Because the time that the Post Office gives an addressee to pick up a certified letter before it is returned to the sender is generally relatively short, we cannot think of what exceptional circumstances might occur that could overcome this presumption. Certainly nothing in this case suggests that Houston could be faulted for not picking up the letter

2. Sidley & Austin has cited cases from other circuits that might support the district court's "reasonable short time" rule. *See Watts–Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir.1993) (90–day period begins to run when notice of attempted delivery arrives, unless circumstances support equitable tolling of period). But as we noted, this circuit adopted an actual notice rule and an exception for cases in which actual notice was not received due to the plaintiff's fault. The Fourth Circuit has expressly rejected our rule. *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir.1987) (declining to follow actual notice rule of *Archie v. Chicago Truck Drivers, Helpers and Warehouse Workers Union*, 585 F.2d 210 (7th Cir.1978)).

3. According to the Postal Service's DMM5O (Domestic Mail Manual) dated July 1, 1996, "The USPS holds undeliverable ... certified ... mail for no fewer than 3 days nor more than 15 days (unless the Sender specifies fewer)." F030.3.2(f).

4. Houston told the district court she did not get the first notice sent on June 2, and that in any event she had no car and her medical and mental conditions made it difficult to walk to the Post Office. It is unclear why the district court thought that given these assertions it was unreasonable for Houston not to have gotten the letter in three days instead of seven.

sooner.[5]

The judgment of the district court is REVERSED.

---

5. If, as happened in *Alverno College*, a plaintiff fails to pick up the letter before the Post Office returns it to the sender (the EEOC) and the plaintiff therefore does not actually receive the letter until a later date, the parties would have to litigate whether the plaintiff is at fault for not having gotten the letter sooner. Because the plaintiff would be the only person in possession of the facts regarding why she had not gotten the letter within the date specified, she would have the burden of producing those facts so that the court could then determine whether she was at fault.