In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3326

Pamela Bobbitt,

Plaintiff-Appellant,

v.

The Freeman Companies, Dan Camp,
Larry Arnaudet, et al,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 8418--Milton I. Shadur, Judge.

Argued April 4, 2001--Decided October 11, 2001

  Before Coffey, Manion, and Diane P. Wood,
Circuit Judges.

  Coffey, Circuit Judge.  Plaintiff-
appellant Pamela Bobbitt filed suit
against her former employer, Freeman
Companies, and a number of its employees,
alleging they discriminated against her
on the basis of her gender. The district
court dismissed Bobbitt's complaint,
ruling that it was without jurisdiction
because the complaint had been filed more
than 90 days after the United States
Equal Employment Opportunities Commission
(EEOC) notified Bobbitt of her right to
sue, 42 U.S.C. sec. 2000e-5(f)(1).
Bobbitt appeals, and we affirm.

I.  Factual Background

  On July 1, 1999, Pamela Bobbitt filed a
charge with the EEOC against the Freeman
Companies, alleging employment-related
discrimination on the basis of her gender
in violation of Title VII of the Civil
Rights Act of 1964, 42 U.S.C. sec. 2000e-
2. On August 11, 1999, the EEOC denied
Bobbitt's claim and issued a right-to-sue
notice via certified mail to Bobbitt's
home address. The notice informed Bobbitt
that if she wished to sue the Freeman
Companies she "MUST DO SO WITHIN NINETY
(90) DAYS OF YOUR RECEIPT OF THIS NOTICE:
OTHERWISE YOUR RIGHT TO SUE IS LOST."

On December 28, 1999, 139 days after the EEOC issued the notice, Bobbitt filed suit in the district court against the Freeman Companies and seven of its employees, alleging gender discrimination pursuant to Title VII and other supplemental state law claims. Bobbitt alleged that her complaint was timely because she had not received the EEOC notice until September 29, 1999, "due to her extensive travel schedule." Bobbitt never did contend that the EEOC had failed to mail the notice or that the post office had failed to deliver it timely.

The trial judge reviewed the complaint to determine whether Bobbitt had complied with the jurisdictional requirement that claims be filed within 90 days after the EEOC issues the right-to-sue notice. See Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986); 42 U.S.C. sec. 2000e-5(f)(1). The judge noticed a seven-week gap between the date the EEOC issued the notice (August 11) and the date Bobbitt alleged she received the notice (September 29). Because Bobbitt's complaint was filed on the 90th day following September 29, it would only be timely if the 90-day filing period commenced on September 29.

The trial judge thus issued a order directing Bobbitt to file an amended complaint to address the specific circum stances regarding her allegedly tardy receipt of the EEOC notice. The order directed Bobbitt to state: (1) the actual date the EEOC notice was issued; (2) the postmark identifying the date the notice was mailed; (3) the date or dates on which the post office notified Bobbitt that she had received certified mail or that she had need to pick up certified mail; (4) photocopies of all relevant documents; and (5) any other relevant particulars bearing on the timeliness issue.

In an effort to comply with the court's order, Bobbitt filed a First Amended Complaint on March 28, 2000./1 In the First Amended Complaint, Bobbitt alleged that the EEOC issued the right-to-sue letter on August 11, 1999 and that she received the right-to-sue letter on September 29, 1999. Bobbitt further alleged that she was single, had no

children, and that her job required extensive travel. Bobbitt claimed that she had been out of town on September 13, 14, 15, 17, 18, 23, and 24 1999. Bobbitt, however, failed to include any information regarding notification she received from the post office regarding the certified mail as well as photocopies of any relevant documents. In essence, the First Amended Complaint merely repeated the vague allegation that Bobbitt had not received the notice until September 29, 1999 and offered seven dates during which Bobbitt claimed to have been away from home. Bobbitt never explained whether the notice was delivered to her residence or whether she retrieved it from the post office; nor did she ever explain when the post office first notified her that it had certified mail to be delivered to her. Nowhere did Bobbitt attempt to explain why she had been unable to pick up the notice on any of the 42 other days between August 11, 1999 and September 29, 1999 during which she had been at home.

In response to Bobbitt's vague explanation regarding her absence from home on seven days scattered throughout a seven-week period, the defendants moved to dismiss the complaint on June 29, 2000 because it was untimely. The trial court granted the motion, holding that Bobbitt's Title VII claims were not filed in a timely manner:

It cannot be gainsaid that a total failure to check one's mail for more than a six-week period (the time between EEOC's transmittal and Bobbitt's claimed receipt) is patently irresponsible. After all, even apart from the resulting delinquency in paying any bills that may come in during such an extended period, no even arguable justification exists for taking the risk that important notices or other mailings may demand attention. And importantly here, Bobbitt's [complaint] para. 12 [regarding the dates Bobbitt was out of town] is singularly lacking in even a word of explanation as to Bobbitt's not having checked her mail during the entire four weeks that elapsed between (say) August 16 or so (which allows several days for transit [of the notice] in the mails) and September 13, 1999. Hence none of the circumstances that led Houston to distinguish St. Louis (while still confirming its holding) are

present here.

Bobbitt filed a notice of voluntary dismissal of her remaining state law claims on August 10, 2000, and shortly thereafter the district court entered a final judgment in favor of all defendants. Bobbitt appeals the district court's finding that her suit was not filed in a timely manner.

II.  Discussion

We review de novo the trial court's dismissal of the complaint. Hanania v. Loren-Maltese, 212 F.3d 353, 356 (7th Cir. 2000). A Title VII plaintiff must file her suit within 90 days from the date the EEOC "gives notice" of her right to sue. Houston v. Sidley & Austin, 185 F.3d 837, 838-39 (7th Cir. 1999); 42 U.S.C. sec. 2000e-5(f)(1). In most situations, the statutory 90-day filing period commences when the plaintiff receives actual notice of her right to sue. Houston, 185 F.3d at 839. However, when the claimant does not receive the notice in a timely fashion due to her own fault, the "actual notice" rule does not apply. St. Louis v. Alverno College, 744 F.2d 1314, 1316-17 (7th Cir. 1984). For example, if a claimant fails to notify the EEOC of a change of address, then the claimant cannot later rely on the "actual notice" rule. Id. at 1317. The rational behind the "actual notice" rule, as well as the limitation to it discussed above, is that a claimant should not lose the right to sue because of "events beyond his or her control which delay receipt of the EEOC's notice." Id. at 1316. Bobbitt's case, however, does not fit within the parameters of the rule.

Bobbitt attempts to blame her untimely receipt of the right-to-sue notice on her "extensive travel schedule." Her argument is without merit. The notice was issued on August 11, 1999. According to the very facts pleaded by Bobbitt, she did not begin her "extensive travel schedule" until September 13, 1999. This leaves 33 days, nearly five weeks, for which Bobbitt offers no explanation whatsoever for her failure to receive the notice. The law presumes timely delivery of a properly addressed piece of mail. McPartlin v. Commissioner, 653 F.2d 1185, 1191 (7th Cir. 1981). Nowhere in her amended complaint did Bobbitt ever assert

that the post office failed at least to attempt to timely deliver the certified right-to-sue notice some time shortly after August 11 (and certainly well before September 13), and so we presume that the post office timely notified Bobbitt in some manner that it had certified mail to deliver to her. Bobbitt simply makes no effort to explain why she was unable to retrieve the certified mail for the more than one-month period between August 11 (the date the notice was issued) and September 13 (the date her travels began), and so her claim is doomed by her own allegations.

Moreover, even if Bobbitt could account for the time period between August 11 and September 13 (which she cannot), she was away from home on only seven days over the course of the next 16 days. Nowhere does she explain why she was unable to retrieve the certified mail on one of the nine days during which she was at home between September 13 and September 29. We agree with the trial court that "a total failure to check one's mail for more than a six-week period . . . is patently irresponsible." To invoke the "actual notice" rule set forth in Houston, Bobbitt was required to pick up her letter "within the time that the Post Office's notice gives her before it will be returned to the sender." Houston, 185 F.3d at 839. Bobbitt's failure to monitor her mail, for 49 days, precludes her from relying on the "actual notice rule." Houston, 185 F.3d at 839; St. Louis, 744 F.2d at 1317. Indeed, her claim that she should be excused from her failure to timely file suit because of her "extensive travel schedule," which kept her away from home on only 7 out of 49 possible days, is patently frivolous.

AFFIRMED.

FOOTNOTE

/1 Bobbitt later filed a Second Amended Complaint on June 1, 2000. The Second Amended Complaint did not contain any additional allegations regarding her receipt of the EEOC notice.