**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 13 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALGENONE KEONTA WILLIAMS,

       Plaintiff - Appellant,

v.

CORRECTIONS CORPORATION
OF AMERICA; RICK HUDSON,
Warden; D. A. BACKER, Assistant
Warden; LINDA PAGE, Assistant
Warden; JOHN WISENER, Security
Supervisor; MARGARITE HARDIN,
Classification Coordinator; STEVEN
BENNETT, Guard; BRYAN
LAMBERT, Guard; JAN MINK,
Contract Monitor, Wisconsin
Department of Corrections;
WISCONSIN DEPARTMENT OF
CORRECTIONS; CHRIS RHOADS,
Guard; SCOTT HOOTEN, Guard;
ROBERT LANDRUM, Social Worker;
MICAELA BALL; LISA MEARS;
STEVE WILSON; MICHAEL
HOOTEN,

       Defendants - Appellees.

No. 01-6118
(D.C. No. 99-CV-2118)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **LUCERO** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Algenone Keonta Williams, a Wisconsin prisoner appearing pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights stemming from his placement in the Special Management Unit (SMU) during his stay in the North Fork Correctional Facility located in Sayer, Oklahoma. The district court adopted the magistrate judge's report and recommendation (R&R) and dismissed Mr. Williams' claims against defendants Wisconsin Department of Corrections (WDOC) and Jan Mink for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and against defendants Ball, Mears, Wilson, and M. Hooten for failure to obtain service of process. [1] The court then awarded summary judgment to defendants Corrections Corporation of America (CCA), Hudson, Backer, Page, Wisner, Harden, Bennett, Lambert, Rhoads,

---

[1] The magistrate judge also recommended denying Mr. Williams' motion to amend his complaint and for additional time to serve these defendants, because they would be entitled to judgment as a matter of law in any event.

S. Hooten, and Landrum.  Mr. Williams now appeals pro se, and has requested leave to proceed in forma pauperis  .  For the following reasons, we grant that request but dismiss the appeal.

## I.

In his complaint, Mr. Williams alleged that his confinement in the SMU, for either disciplinary or administrative reasons, was based on a series of false charges aired in cursory hearings, through a conspiracy by defendants to retaliate against his prior complaints and to make him more docile, ultimately depriving him of his constitutional rights.  Mr. Williams also claimed the conditions of his confinement in the SMU were unduly harsh and atypical of inmates in the general population.  His complaint further alleged that the WDOC, which had contracted with CCA to house Mr. Williams in Oklahoma, and Jan Mink, a contract monitor for the WDOC, were liable under the doctrine of respondeat superior. [2]

---

[2]    In addition to monetary damages, Mr. Williams requested declaratory relief forcing defendants to (1) provide activities to ameliorate the effects of isolation in the SMU; (2) monitor and better document specific instances of conduct leading to placement in the SMU; and (3) afford prisoners full due process pertaining to all hearings leading to confinement in the SMU.  While the district court did not address it, and because defendants did not argue otherwise, we accept as true Mr. Williams' statement on appeal that he has exhausted all of his available administrative remedies.  Exhaustion of administrative remedies is a prerequisite to bringing an action with respect to prison conditions under § 1983.  *See* 42 U.S.C. § 1997e(a).  Moreover, as the Supreme Court recently held, exhaustion of available remedies is mandatory,  and now may not be bypassed even if the

(continued...)

Defendants WDOC and Jan Mink moved for dismissal under Rule 12(b)(6), arguing that they had no personal participation in any alleged constitutional deprivation. The other named and served defendants moved to dismiss and included evidence demonstrating their institutional disciplinary procedure in general, as well as affidavits and other documents showing Mr. Williams to be a continuing threat to the security of the institution.

The magistrate judge carefully and thoroughly considered each of Mr. Williams' claims, explained the well-established law, and concluded that he had not demonstrated any factual or legal support for his allegations. After addressing Mr. Williams' subsequent objections, the district court adopted that R&R in its entirety. We have carefully reviewed the entire record in this case, and while construing Mr. Williams' pro se pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), we agree with the district court that Mr. Williams has not shown any merit to his claims. Because he has raised nothing on appeal to indicate any error in that court's decision, we affirm for substantially the same reasons stated in the R&R filed February 1, 2001.

---

[2](...continued)
prisoner seeks only money damages and the prison's internal grievance procedure cannot provide monetary relief. *See Booth v. Churner,* 121 S. Ct. 1819, 1825 (2001).

## II.

In view of the thoroughness of the district court's decision and opinion, and because Mr. Williams' appeal lacks any arguable basis in law or fact, we conclude that this appeal is frivolous under 18 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Furthermore, the record shows that Mr. Williams has a history of abusing the court process. On one other occasion we dismissed Mr. Williams' appeal on twenty-two claims against forty-four defendants as frivolous, and specifically warned him to offer at least some reasoned legal basis to argue for reversal. *See Williams v. Hudson,* No. 00-6191, 2000 WL 1838639, at **2 (10th Cir. Dec. 14, 2000) (unpublished). Moreover, Mr. Williams has also filed at least six other § 1983 actions in the Western District of Oklahoma since March of 2000, many of which have been dismissed as frivolous, but which are nevertheless ongoing pending resolution of numerous motions filed by Mr. Williams. Finally, Mr. Williams has shown a complete disregard of numerous court orders to pay his court fees. This is a recurring pattern of abuse that can be seen in the dockets of each of the cases Mr. Williams has filed. Indeed, this very abuse caused the Western District of Wisconsin to bar him from filing suits in forma pauperis there until he had paid the amounts he was in arrears. *See Williams v. Litscher*, 115 F. Supp. 2d 989, 992-93 (W.D. Wis. 2000).

Because we find Mr. Williams' appeal to be frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), it is dismissed and counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780-81 (10th Cir. 1999). This is at least Mr. Williams' second strike, and he is reminded that if he accrues three strikes he will no longer be able to proceed in forma pauperis in any civil action unless he is in imminent danger of serious physical injury. Moreover, Mr. Williams is warned that a continuing pattern of frivolous, malicious or abusive litigation may lead to further sanctions or additional restrictions on future filings with this court. *See DePineda v. Hemphill,* 34 F.3d 946, 948 (10th Cir. 1994) (an inmate "has no absolute, unconditional right of access to the courts and no constitutional right of access to prosecute frivolous or malicious actions"). Mr. Williams' motion to proceed in forma pauperis is GRANTED, but he is reminded once again of his obligation to continue making partial payments toward the balance of his district court and appellate filing fees. The appeal is DISMISSED.

Entered for the Court

Stephen H. Anderson
Circuit Judge