Algenone WILLIAMS, Plaintiff–
Appellant,

v.

Chad LOMEN, et al., Defendants–
Appellees.

Algenone Williams, Plaintiff–Appellant,

v.

Gerald A. Berge, Warden,
Defendant–Appellee.

No. 03–1277.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 18, 2003.*

Decided Nov. 20, 2003.

---

\* After an examination of the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the records. *See* Fed. R.App. P. 34(a)(2).

Algenone Williams, pro se, Boscobel, WI, for Plaintiff–Appellant.

Thomas J. Dawson, Office of the Attorney General, Madison, WI, for Defendants–Appellees.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

### ORDER

Wisconsin prisoner Algenone Williams, proceeding pro se, filed two complaints in federal district court claiming that employees at the Wisconsin Secure Program Facility (WSPF) violated his constitutional rights. We have consolidated these two cases for decision on appeal. (Appeal nos. 03–1277 and 03–1464). In both cases Williams failed to respond properly to defendants' summary judgment motions, and the district court granted the defendants' motions. On appeal Williams contends that the district court abused its discretion when it denied his motions for extensions of time, denied his requests for appointment of counsel, and refused to order defendants to photocopy exhibits for his summary judgment response. Because his arguments are frivolous, we affirm both judgments.

Williams first argues that the district court should have appointed counsel in the case underlying appeal no. 03–1464. (Williams also raises this issue in appeal no. 03–1277, but because there is no evidence in the record that he raised the issue before the district court, we will not consider it on appeal. *See Belom v. Nat'l Futures Ass'n,* 284 F.3d 795, 799 (7th Cir. 2002).) A civil plaintiff does not have a constitutional right to counsel. *See Lewis v. Sullivan,* 279 F.3d 526, 529 (7th Cir. 2002). Under the statute governing *in forma pauperis* proceedings, however, a court may enlist an attorney to represent any person unable to afford counsel. 28

U.S.C. § 1915(e)(1). Before a court will consider a motion for appointment of counsel, the movant must make a reasonable attempt to secure private counsel. *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir.1995). Once the litigant satisfies this requirement, he must then show that his case is one that requires the assistance of counsel. *Id.* We review a district court's decision not to appoint counsel for abuse of discretion. *Weiss v. Cooley,* 230 F.3d 1027, 1034 (7th Cir.2000).

Williams never attempted to obtain a lawyer before requesting appointment of counsel, despite the district court's repeated direction to do so. Moreover, the district court also concluded that his claim was not so complex that he could not represent himself. Williams did not make any effort to satisfy the prerequisite of obtaining counsel, nor has he shown that he could not proceed on his claims without the assistance of counsel. The district court did not abuse its discretion in refusing to enlist counsel to assist Williams. *See Zarnes,* 64 F.3d at 288.

█ Williams next argues that the district court abused its discretion when it denied his requests for extensions of time. A district court has substantial discretion in managing its schedule and docket. *Jovanovic v. In–Sink–Erator Div. of Emerson Elec. Co.,* 201 F.3d 894, 896–97 (7th Cir.2000). Further, when a district court provides adequate opportunity for a pro se litigant to respond to a motion for summary judgment and warns him of the consequences of failing to respond, it may decide the motion without the benefit of the litigant's responses. *See Houston v. Sidley & Austin,* 185 F.3d 837, 838 n. 1 (7th Cir.1999); *Reales v. Consol. Rail Corp.,* 84 F.3d 993, 997 (7th Cir.1996); *Lewis v. Faulkner,* 689 F.2d 100, 101–102 (7th Cir.1982); *see also* Fed.R.Civ.P. 56(e).

After receiving extensions of time in which to file responses to defendants' summary judgment motions, Williams submitted documents titled "Objection to Defendants' Motion for Summary Judgment." He had not served these documents on defendants, and he did not include any response to their proposed findings of fact. Although the court rejected the documents, it did instruct Williams on how to draft his responses to the summary judgment motions. It also gave him a second extension of time in which to file proper responses and serve the defendants. In addition, the court advised Williams that he should use the extension of time to copy by hand any of his handwritten documents and that he could reference other documents already before the court rather than copy them as exhibits. Finally, the court warned him that it would decide the summary judgment motions without his input if he did not serve defendants or properly dispute their findings of fact. Williams failed to respond to the summary judgment motions again, and the court denied his third request for more time. Even pro se litigants must comply with court rules and directives, *Downs v. Westphal,* 78 F.3d 1252, 1257 (7th Cir.1996), and the district court did not abuse its discretion in denying Williams's final motions for extension of time, *see Faulkner,* 689 F.2d at 101–102.

█ Williams also argues that the district court should have ordered defendants to photocopy materials necessary for his summary judgment response. Although a prisoner must be given meaningful access to the courts, *see Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), there exists no right to have one's adversary, or the public treasury, defray all or part of the cost of litigation, *Johnson v. Daley,* 339 F.3d 582, 586 (7th Cir.2003). Williams has "no constitutional entitlement to subsidy." *Lewis,* 279 F.3d at 528. The state had already loaned Williams $200 to litigate against the prison under its prison-

874

er loan program, *see* Wis. Adm.Code § DOC 309.51, and it was not required to extend him additional funds to photocopy materials for this case, *see generally Lewis*, 279 F.3d at 528. The court specifically explained to Williams that he was not entitled to have the prison subsidize his litigation and then gave him additional time to gather or hand copy his documents. Instead of using his time and materials to comply with the court's orders, he frivolously focused his energy on disputing the prison's refusal to pay his litigation costs, a challenge that he had already been told was without merit.

■ All of Williams' arguments on appeal lack merit, including his final argument that the district court and magistrate judge were biased against him. To show that recusal is warranted, a litigant must offer more than mere assertions that a judge is biased against him. *See In re Mann*, 229 F.3d 657, 658–59 (7th Cir.2000) (holding that district court's ruling against party and comment that it did not think case would go forward did not show bias necessitating recusal). The record does not support a finding that the district judge or magistrate judge were biased against Williams. To the contrary, the record shows instead that both judges took the time to instruct him on the law and then gave him additional time in which to conform to those legal requirements.

Because there was no legal basis for bringing these appeals, we deem both frivolous. *See Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir.2000) (clarifying that a frivolous claim is "a claim that no reasonable person could suppose to have any merit."). These appeals have earned Williams two strikes under 18 U.S.C. § 1915(g). Williams has already incurred at least two strikes under the Prisoner Litigation Reform Act, *see Williams v. Corrs. Corp. of Amer.*, No. 01–6118, 2002 WL 388132 at *2, 30 Fed.Appx. 940 (10th Cir. Mar. 13,

2002) ("[B]ecause Mr. Williams' appeal lacks any arguable basis in law or fact, we conclude that this appeal is frivolous under 18 U.S.C. § 1915(e)(2)(B)(i).... On one other occasion we dismissed Mr. Williams' appeal on twenty-two claims against forty-four defendants as frivolous"). He is now required to prepay the filing fees in any future suit or appeal unless he can show that he is under imminent danger of injury. *See* 28 U.S.C. § 1915(g). AFFIRMED.