Barbara GIBBS, Plaintiff–Appellant,

v.

GENERAL MOTORS CORPORATION and United Auto Workers Local 2209, Defendants–Appellees.

No. 03–3575.

United States Court of Appeals, Seventh Circuit.

Submitted March 25, 2004.*

Decided June 28, 2004.

* Appellant Gibbs requested that oral argument be waived, and after examining the briefs and record, we agree that oral argument is unnec-essary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2); Cir. R. 34(f).

James H. Banks, Dublin, OH, for Plaintiff–Appellant.

Patrick M. Gavin, Lathrop & Gage, Kansas City, MO, Nora L. Macey, Macey Swanson & Allman, Indianapolis, IN, for Defendants–Appellees.

Before POSNER, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

## ORDER

Barbara Gibbs works at the General Motors truck assembly plant in Fort Wayne, Indiana. She filed this action against GM and her union, Local 2209 of the United Automobile, Aerospace and Agricultural Implement Workers of America, alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The district court granted summary judgment to GM and Local 2209, and Gibbs now appeals. We affirm.

■ Gibbs has filed a total of four charges with the EEOC alleging various discriminatory employment practices by GM and Local 2209. Gibbs received a right-to-sue letter from the EEOC on her first two charges in March 2001, but she did not file suit until April 2002 after receiving a right-to-sue letter on her third and fourth EEOC charges. In her complaint Gibbs included several claims founded on her first right-to-sue letter, but the district court rejected these claims as time-barred because Gibbs had not sued within 90 days of receiving permission to do so from the EEOC. *See* 42 U.S.C. § 2000e–5(f); *Houston v. Sidley & Austin*, 185 F.3d 837, 838–39 (7th Cir.1999). Gibbs

argues here that the statute of limitations should have been equitably tolled under the continuing-violation doctrine because the discrimination against her continued through the filing date of her complaint. Although the continuing-violation doctrine allows a claim to be premised on otherwise time-barred acts that can be linked with conduct falling within the limitations period, a plaintiff hoping to rely on the doctrine must demonstrate that she delayed suing because she reasonably failed to identify her "working conditions as intolerable until the acts of harassment had, through repetition or cumulation, reached the requisite level of severity." *Shanoff v. Ill. Dep't of Human Servs.,* 258 F.3d 696, 703 (7th Cir.2001). Gibbs cannot avail herself of the continuing-violation doctrine because she obviously believed that the time-barred acts were discriminatory when she filed EEOC charges in early 2001. Therefore, the district court properly concluded that the claims based on allegations in Gibbs's first two EEOC charges were time-barred.

■ The first timely claim brought by Gibbs was that GM illegally withheld her workers' compensation benefits after she injured her neck and back on the job in 2001. Gibbs alleged that GM had denied her benefits because of her sex and in retaliation for her previous EEOC charges. The district court granted GM summary judgment because Gibbs did not demonstrate that she was treated differently than similarly situated employees.

We are at a loss to understand why Gibbs continues to pursue this claim when she admitted in her deposition that she injured herself while walking her dog, not at work. Nevertheless, we can easily dispose of Gibbs's argument because she failed to show that similarly situated individuals were treated more favorably—a requirement to establish a prima facie case

for either gender discrimination or retaliation. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Volovsek v. Wis. Dep't of Agric., Trade & Consumer Prot.,* 344 F.3d 680, 692 (7th Cir.2003) (gender discrimination); *Stone v. City of Indianapolis Pub. Util. Div.,* 281 F.3d 640, 642 (7th Cir.2002) (retaliation). Gibbs did not produce any evidence in the district court that GM treated males or individuals who had not filed EEOC charges better. In fact, Gibbs never mentioned this prong of the prima facie case in her submissions to the district court and, on appeal, has made only generalized statements that similarly situated co-workers were treated differently. We will not address arguments never raised in the district court, *see Grayson v. O'Neill,* 308 F.3d 808, 817 (7th Cir.2002), but even if we did, Gibbs's conclusory allegations would be insufficient to withstand summary judgment, *see Rogers v. City of Chi.,* 320 F.3d 748, 755–56 (7th Cir.2003).

■ Gibbs's next claim stems from a 30–day suspension she received from GM for publicizing an upcoming union election. Gibbs immediately filed a grievance with the assistance of her union, and GM rescinded the suspension within 24 hours and allowed her to return to work without loss of pay or benefits. Gibbs alleged that GM suspended her because of her gender and in retaliation for filing EEOC charges. The district court granted summary judgment to GM because it found that Gibbs had suffered no adverse employment action from her rescinded suspension. Gibbs argues that the district court erred in failing to view the emotional distress and embarrassment she purportedly suffered as a result of her suspension as an adverse employment action.

To establish a prima facie case of gender discrimination or retaliation, a plaintiff must show that she suffered an adverse

employment action. *See Volovsek*, 344 F.3d at 692 (gender discrimination); *Hilt–Dyson v. City of Chi.*, 282 F.3d 456, 465 (7th Cir.2002) (retaliation). For purposes of Title VII, an adverse employment action is one that affects the "compensation, terms, conditions, or privileges of employment," 42 U.S.C. § 2000e–2(a), such as hiring, firing, discharge, denial of promotion, reassignment to a position with significantly different job responsibilities, or an action that causes a substantial change in benefits, *see Bell v. EPA*, 232 F.3d 546, 555 (7th Cir.2000). Gibbs's suspension was rescinded within 24 hours, and she suffered no loss in pay, benefits, or other tangible employment consequence. While we may assume for purposes of summary judgment that Gibbs did suffer emotional distress from her brief suspension, Title VII does not provide a remedy for actions that do not affect an employee's terms of employment. *See Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir.1996) (stating that "not everything that makes an employee unhappy is actionable adverse action").

█ Gibbs further claimed that Local 2209 discriminated and retaliated against her when it publicly discussed charges she had pending against the union at a membership meeting. Again we can quickly dispose of this claim because Gibbs made no argument and produced no evidence before the district court that she suffered an adverse employment action as a result of the union's public discussion of her grievance.

█ Gibbs next argues that the district court erred in granting summary judgment to Local 2209 for failing to hire her as a benefits representative, but again her argument fails because she produced no evidence of the adverse employment action. Gibbs also contends that the district court erred in failing to address her state-law breach of contract claim, but she first raised this claim in her response to Local 2209's summary judgment motion. A plaintiff "may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Grayson*, 308 F.3d at 817 (quoting *Shanahan v. City of Chi.*, 82 F.3d 776, 781 (7th Cir.1996)). Therefore, we will not consider the merits of this argument on appeal.

█ In her brief on appeal, Gibbs presses several other disjointed, undeveloped, and unsupported challenges to the district court's decision. We do not address these arguments because undeveloped contentions are waived, especially when a litigant, such as Gibbs, is represented by counsel. *See Jones Motor Co., Inc. v. Holtkamp*, 197 F.3d 1190, 1192 (7th Cir.1999).

Accordingly, we AFFIRM the decision of the district court granting summary judgment for GM and Local 2209.