**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 2, 2005[*]
Decided June 2, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-3979

| | |
|---|---|
| ROBERT DAVIS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois |
| v. | No. 04-C-3106 |
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL UNION NO. 965, et al., *Defendants-Appellees*. | Jeanne E. Scott, *Judge*. |

**O R D E R**

Robert Davis (who is African American) participated in an apprenticeship program with the defendant union, operating heavy machinery at construction sites for a number of contractors who are also defendants in this suit. Although Davis completed a probationary period with the union, he never became a full member; Davis contends that race discrimination is to blame. In his complaint and the charge he filed with the EEOC, Davis alleged that the defendants gave him less desirable work assignments than his white coworkers, unfairly criticized his

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

performance, and prevented him from paying the dues that would have allowed him to join the union. The district court granted the defendants' motion to dismiss, which it construed as a motion for summary judgment after allowing Davis to submit materials outside the pleadings, concluding that the suit was barred by the statute of limitations. Davis appeals, and we affirm.

On appeal Davis does not address the district court's conclusion that his lawsuit was time-barred, but merely recounts his work history and asserts generally that the district court mishandled his case. This contention is too cursory to constitute a properly developed argument for appeal. *See Smith v. Northeastern Ill. Univ.*, 388 F.3d 559, 569 (7th Cir. 2004) (single sentence in brief insufficiently developed to preserve argument on appeal). Further, because Davis's brief does not specifically challenge the grounds of the district court's decision, he has waived any opposition to those grounds on appeal. *See Kauthar Sdn Bhd v. Sternberg*, 149 F.3d 659, 672 (7th Cir. 1998) (appellant waived challenge to district court's resolution of RICO claims by neglecting to challenge court's specific findings). Regardless, our review of the record convinces us that the district court was correct that Davis's suit was barred because he failed to file it within 90 days of receiving his right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004). The EEOC sent Davis a right-to-sue notice on January 8, 2004, via certified mail, but he did not file this suit until May 13, 2004. The date Davis actually received his right-to-sue notice is not disclosed by this record, but that date is irrelevant here because it is undisputed that Davis simply failed to collect his certified mail within the period allowed by the post office.
*See Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538-39 (7th Cir. 2001) (90-day period measured from date certified mail was sent where claimant failed to pick up right-to-sue notice in timely fashion). Davis cannot rely on the date he received actual notice to extend the limitations period where the delay in receiving notice was attributable solely to his own fault. *Id.* Accordingly, the judgment of the district court is AFFIRMED.