

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2007

# DiCroce v. Secretary Interior

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2117

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

## Recommended Citation

"DiCroce v. Secretary Interior" (2007). *2007 Decisions*. Paper 1590.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1590

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2117
_____

NICHOLAS F. DICROCE, JR.,

Appellant

v.

GALE A. NORTON,
SECRETARY, DEPARTMENT OF INTERIOR
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cv-06275)
District Judge:  Honorable Edmund V. Ludwig
_____

Submitted Under Third Circuit LAR 34.1(a)
February 15, 2007

Before:  SMITH and FISHER, *Circuit Judges*, and DOWD,[*] *District Judge*.

(Filed February 20, 2007)
_____

OPINION OF THE COURT
_____

_____

[*]The Honorable David D. Dowd, Jr., United States District Judge for the Northern
District of Ohio, sitting by designation.

FISHER, *Circuit Judge*.

This case comes to us on appeal from the District Court's February 28, 2006 order dismissing Nicholas DiCroce's discrimination and retaliation complaint as time-barred. On appeal, DiCroce argues that the ninety-day limitation on the filing of his complaint should be equitably tolled. For the reasons set forth below, we will affirm the decision of the District Court.

I.

Because we write only for the parties who are familiar with the legal and factual background of this case, we will recite only those facts necessary to our analysis. DiCroce, a thirty-year employee of the National Park Service, filed a formal Equal Employment Opportunity ("EEO") complaint with the Department of the Interior on May 20, 2003, claiming discrimination based on national origin and retaliation for his assistance in a co-worker's EEO complaint. On November 17, 2003, after the Department of the Interior did not provide a report on its investigations of his claims within 180 days, DiCroce, acting pro se, filed a motion in the District Court for leave to proceed in forma pauperis. He attached to this motion a proposed civil complaint and requested the appointment of an attorney. On November 25, 2003, the District Court denied DiCroce's motion and ordered that DiCroce pay the $150 filing fee or his case would be dismissed. The District Court's docket reflects that a copy of the order was mailed to DiCroce on November 25, 2003, to the same address at which DiCroce has lived since he first instituted the EEO complaint.

2

In the meantime, DiCroce's initial EEO complaint continued through the administrative process. The Department of the Interior issued a final agency decision on January 30, 2004, finding that the Park Service had not discriminated against DiCroce. DiCroce appealed the decision to the Equal Employment Opportunity Commission ("EEOC"). The EEOC affirmed the decision of the Department of the Interior on May 14, 2004, and issued DiCroce a right to sue letter, which notified DiCroce that he must file in a federal district court within ninety days. DiCroce paid his fee to proceed in forma pauperis on April 25, 2005, approximately seventeen months after he was first ordered to do so, and served the Department of the Interior with his pro se complaint on May 5, 2005, nearly a year after he received the right to sue letter.

Secretary of the Department of the Interior, Gale Norton, moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56. In reply, DiCroce argued that the ninety-day filing requirement, which is treated like a statute of limitations, should be equitably tolled because he did not receive the District Court's denial of his motion to proceed in forma pauperis until March 28, 2005, and immediately ordered his attorney to pay the filing fee. The District Court disagreed, finding that the docket sheet showing the November 25, 2003 mailing was prima facie evidence that DiCroce received the notice and dismissed DiCroce's complaint as time-barred.

This timely appeal followed.

3

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. While the District Court termed its order one dismissing the case, it is more properly termed an order granting summary judgment, as it looked beyond the complaint to affidavits to make its determination. *Hughes v. United States*, 263 F.3d 272, 278 (3d Cir. 2001) (finding that the district court should have termed an order one granting summary judgment rather than one dismissing the case where it considered information outside the complaint when determining whether equitable tolling should apply). Therefore, we exercise plenary review. *Huber v. Taylor*, 469 F.3d 67, 73 (3d Cir. 2006). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden to prove there is no genuine issue of material fact. Once it has met this burden, the burden shifts to the opposing party who must "make a showing sufficient to establish the existence of [each] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We are satisfied that the District Court properly granted summary judgment.

## III.

Under Title VII, once a complainant has exhausted his administrative remedies and received his right to sue letter, he has ninety days in which to file a complaint in a federal

4

district court. 42 U.S.C. § 2000e-5(f)(1). The ninety-day filing period is treated as a statute of limitations. *Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). DiCroce does not dispute that he did not file his complaint in the District Court until nearly a year after he received his right to sue letter, suggesting his claims are automatically time-barred. However, because Title VII's exhaustion requirements are not jurisdictional, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982), they are subject to the doctrines of waiver, estoppel and equitable tolling. On this appeal, DiCroce argues that the limitations period should be equitably tolled.

Equitable tolling is appropriate in Title VII cases where "the defendant has actively misled the plaintiff; when the plaintiff 'in some extraordinary way' was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum." *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999) (internal citations omitted). District courts are to apply equitable tolling sparingly. *Id.* at 237. DiCroce argues that his case is one of the rare circumstances when equitable tolling should apply because he believed he had appropriately filed a complaint with his motion to proceed in forma pauperis and was not aware until well after the deadlines for both his filing fee and complaint had passed that the District Court had denied that motion and dismissed the attendant complaint.

If DiCroce could prove that he failed to receive the notice denying the District Court's order denying his motion to proceed in forma pauperis, his claim may fall under our equitable tolling provision. However, he can make no such showing. In Title VII

5

cases, the plaintiff bears the burden of proving that equitable tolling applies. *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005). If DiCroce cannot provide sufficient evidence that he did not receive the District Court's notice, we will apply the presumption of the Federal Rules that a party receives a document three days after it was mailed and assume he received notice on November 28, 2003. *See* Fed. R. Civ. P. 6(e); *Seitzinger*, 165 F.3d at 239; *Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001) ("The law presumes timely delivery of a properly addressed piece of mail.").

In support of his contention, DiCroce has provided an affidavit asserting that he did not receive the District Court's notice and that he followed up with the Clerk's Office monthly to request information on the status of his motion. However, DiCroce has failed to provide any evidence of who he spoke to at the Clerk's Office, what days he called, or what the specific responses to his requests were. The docket sheet shows that the letter was mailed to the address at which DiCroce had lived since the filing of his EEO complaint. Further, there is no record of a second mailing or any other evidence to explain why the letter would have arrived sixteen months later on March 28, 2005. DiCroce's unsupported assertion, based on the premise that a letter was misplaced in the mail for sixteen months and finally arrived, is insufficient evidence to withstand summary judgment. *N.L.R.B. v. FES*, 301 F.3d 83, 95 (3d Cir. 2002) (unsupported, conclusory statements are insufficient proof on summary judgment); *Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir. 1981) (same).

6

Because DiCroce has provided insufficient evidence to prove that the filing period should be equitably tolled, his claim is time-barred. He did not file his complaint until nearly a year after he received his right to sue letter.

V.

For the reasons set forth above, we will affirm the decision of the District Court.