In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1280

Leroy Bolt,

Plaintiff-Appellant,

v.

Robert Loy and Village of Winthrop Harbor,

Defendants-Appellees.


Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 2841--William J. Hibbler, Judge.


Argued August 9, 2000--Decided September 13, 2000



 Before Posner, Ripple, and Williams, Circuit Judges.

 Posner, Circuit Judge.  This appeal from the
dismissal of a suit because of the plaintiff's
failure to meet a deadline presents a new twist
on the old problem of dismissal as a sanction for
untimely pleadings. The plaintiff filed this suit
under 42 U.S.C. sec. 1983 in April of last year
in state court, from which the defendants removed
the case to federal district court (an odd move,
considering that the defendants are an Illinois
municipality and its head). The defendants then
filed a motion to dismiss the suit for failure to
state a claim. Fed. R. Civ. P. 12(b)(6). The
plaintiff asked for and received an extension of
time until September 15 to respond to the motion.
On December 9, the plaintiff having failed to
file his response, the defendants asked the judge
to set a definite briefing schedule. They noticed
the motion for a hearing before him on January 5,
and the plaintiff filed his response that day,
but it was too late, for on the previous day the
judge had dismissed the suit with prejudice
because of the plaintiff's failure to file a
response. The judge pointed out that the response
was nearly three months overdue, and concluded
that the plaintiff had abandoned the case,
adding: "had plaintiff not intended to respond to
defendants' motion, he should have submitted a
one-page motion to voluntarily dismiss this
action." The judge did not address the merits of

the defendants' Rule 12(b)(6) motion. The plaintiff promptly filed a motion to alter the judgment, pointing out that he had not intended to abandon the case. The judge denied the motion without explanation.

We can think of three possible grounds for dismissing a suit because a response by the plaintiff to a defendant's motion is overdue: the plaintiff by his action has indicated that he is abandoning his suit; the plaintiff is failing to prosecute the suit, whether or not he intends to abandon it; the plaintiff should be sanctioned, by dismissal, for his tardiness. The judge's ground was the first, that the plaintiff by his tardiness had demonstrated his intention to dismiss the suit; that is why the judge chided the plaintiff for not moving for voluntary dismissal. It was unreasonable for the judge to draw such an inference and to fail to correct it when the error was pointed out to him. There are a myriad of reasons why a party might be months late in responding to a motion. The likeliest, and apparently the one here, is carelessness, rather than intent to abandon the suit. Another possibility, one we encounter frequently in our court, is that the party opposing the motion thinks the motion's lack of merit so patent that no response is required. When that happens the court either orders the party to respond or decides the motion without the benefit of a response. The district judge might have decided the defendants' motion to dismiss on the merits when the plaintiff missed the deadline for responding, a risk the plaintiff knew he was running because the judge had indicated that he would rule on the motion by mail, implying that the ruling could come anytime after September 15. See N.D. Ill. R. 12(P).

A plaintiff's failure to respond that delays the litigation can be a basis for a dismissal for lack of prosecution, Link v. Wabash R.R., 370 U.S. 626, 629, 633 (1962), or, what often amounts to the same thing, see Fed. R. Civ. P. 41(b); Federal Election Comm'n v. Al Salvi for Senate Comm., 205 F.3d 1015, 1018 (7th Cir. 2000), as a sanction for misconduct. But the judge should warn the plaintiff that he is considering the imposition of such a sanction, Kruger v. Apfel, 214 F.3d 784, 787 (7th Cir. 2000); Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir. 1993); Gardner v. United States, 211 F.3d 1305, 1309-10 (D.C. Cir. 2000); Angulo-Alvarez v. Aponte de la Torre, 170 F.3d 246, 252 (1st Cir. 1999); but cf. Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000), either explicitly or by making clear that no further extensions of time will be granted. Williams v. Chicago Board of Education, 155 F.3d 853 (7th Cir. 1998) (per curiam); In re

Bluestein & Co., 68 F.3d 1022, 1027 (7th Cir. 1995); Patterson by Patterson v. Coca Cola Bottling Co., 852 F.3d 280, 285 (7th Cir. 1988) (per curiam). Even without a warning, egregious misconduct can be punished by dismissal. In re Bluestein & Co., supra, 68 F.3d at 1026; In re Eisen, 31 F.3d 1447, 1455 (9th Cir. 1994).

Ordinary misconduct, however, can be punished by dismissal only after a warning and after the judge determines that dismissal is an appropriate sanction in the circumstances. Kovilic Construction Co. v. Missbrenner, 106 F.3d 768, 773 (7th Cir. 1997); see also Ball v. City of Chicago, supra, 2 F.3d at 758. That requires him to consider the gravity of the misconduct, the prejudice if any to the defendant, and whether the suit has any possible merit (if not, there is no reason to keep it alive). Id. at 759-60; Williams v. Chicago Board of Education, supra, 155 F.3d at 857; Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999). The touchstone is proportionality. It will be open to the district court on remand, therefore, to consider whether under the governing standards dismissal of this suit with prejudice would be an appropriate sanction for the plaintiff's failure to respond to the defendants' motion to dismiss until January 5; whether an alternative sanction, such as not allowing the plaintiff's response to be filed and deciding the Rule 12(b)(6) motion on the merits without the aid of that response, would be more appropriate, see LeBeau v. Taco Bell, Inc., 892 F.2d 605, 610 (7th Cir. 1989); Gardner v. United States, supra, 211 F.3d at 1309-10; Garland v. Peebles, 1 F.3d 683, 687 (8th Cir. 1993); Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991); or whether no sanction would be appropriate, given the absence of prejudice to the defendants and the fact that the plaintiff's tardiness, while careless and regrettable, was not egregious. It also was not his error but his lawyer's, and it is ordinarily preferable (see Dunphy v. McKee, 134 F.3d 1297, 1301-02 (7th Cir. 1998); Ball v. City of Chicago, supra, 2 F.3d at 758; Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873 (3d Cir. 1994)) to sanction the lawyer for the lawyer's mistake than, by dismissing the suit, to precipitate a second suit--a suit against the lawyer for malpractice. The courts have more than enough legal business as it is.

What is clear is that the ground upon which the district judge did dismiss the plaintiff's suit was, in the circumstances, improper.

Reversed and Remanded.