In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2671

BERNARD L. BEYER,

Plaintiff-Appellant,

v.

ROB G. CORMIER, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 99-C-359--Thomas J. Curran, Judge.

Submitted December 13, 2000--Decided December 22, 2000

Before FLAUM, Chief Judge, and RIPPLE and ROVNER,
Circuit Judges.

PER CURIAM.  Bernard Beyer filed suit under 42
U.S.C. sec. 1983 against Rob Cormier, a building
inspector for the City of Green Bay, Wisconsin,
and other city officials. When Mr. Beyer failed
to pay the filing fee within the 21 days allotted
by the district court, the case was dismissed
with prejudice. Because we conclude that the
district court abused its discretion in
dismissing Mr. Beyer's case with prejudice, we
vacate the district court's order and remand the
case to the district court.

After filing his complaint, Mr. Beyer petitioned
the district court to proceed in forma pauperis
in April 1999. The district court granted that
request but required Mr. Beyer to pay a partial
filing fee of $71.83, see 28 U.S.C. sec.
1915(b)(1), within 21 days of its April 16, 1999
order. Mr. Beyer is a prisoner at Whiteville
Correctional Institution in Whiteville,
Tennessee. Although he is incarcerated at a
facility in Tennessee, Mr. Beyer is a Wisconsin
state prisoner. As a result, he remains under the
control and authority of the Wisconsin Department
of Corrections. Thus, while he remains in
Tennessee, Mr. Beyer must send a letter to prison
officials in Wisconsin and ask that they withdraw
the necessary funds from his account and mail a
check to the appropriate district court to pay

any required court costs.

On April 23, 1999, Mr. Beyer wrote to the district court, asking to withdraw the motion to proceed in forma pauperis. In this letter, he stated that he did not want to risk incurring a "strike" under the Prison Litigation Reform Act, see 28 U.S.C. sec. 1915(g), by proceeding in forma pauperis. He also accepted the responsibility of paying the entire filing fee of $150.00 and stated that he had sent a request three days earlier, via letter, to the custodian of inmate accounts at the Jackson Correctional Institute in Black River Falls, Wisconsin. Mr. Beyer reported that he asked that $150.00 be withdrawn from his "Inmate Release Account" and mailed to the clerk of the district court to pay the filing fee. Because he had already sent his request to the Jackson facility, the letter to the district court stated that he anticipated that the funds would be arriving at the clerk's office in Milwaukee, Wisconsin, shortly, well within the 21-day limit set by the district court.

Mr. Beyer's 21-day limit was set to expire on Friday, May 7, 1999. On Monday, May 10, not having received any funds from Mr. Beyer, the district court instead received a motion from Mr. Beyer, requesting an extension until May 20 to pay the filing fee. On May 11, 1999, the district court dismissed Mr. Beyer's action with prejudice for failure to pay the fee.

Mr. Beyer finally received a response from the Wisconsin prison trustees dated May 13, 1999. That letter revealed to Mr. Beyer that this particular district court, the Eastern District of Wisconsin, did not allow the use of release funds to pay filing fees. By the time Mr. Beyer received this letter from the prison trustees, the district court had already dismissed his complaint with prejudice. Although Mr. Beyer included the new information about the release funds in three motions to reconsider, the district court declined to revisit its decision.

We review a district court's dismissal for want of prosecution or for failure to follow a court order for an abuse of discretion. Kruger v. Apfel, 214 F.3d 784, 786 (7th Cir. 2000); Grun v. Pneumo Abex Corp., 163 F.3d 411, 425 (7th Cir. 1998). Dismissal is a harsh sanction that should be reserved for "extreme situations." Kruger, 214 F.3d at 787; Dunphy v. McKee, 134 F.3d 1297, 1299 (7th Cir. 1998); see also Hatchet v. Nettles, 201 F.3d 651, 653 (5th Cir. 2000) (per curiam) (suggesting the district court consider taking lesser steps before entering a dismissal for failure to pay fee). In the absence of contumacious conduct or a clear

record of disobeying court orders, it is an abuse of discretion to dismiss without first firing a warning shot or imposing other lesser sanctions. See, e.g., Kruger, 214 F.3d at 787-88 (requiring district court to consider alternatives before imposing dismissal as "ultimate sanction"); Bolt v. Loy, 227 F.3d 854, 856-57 (7th Cir. 2000) (encouraging district courts to consider lesser sanctions before dismissal).

In this case, the district court dismissed Mr. Beyer's case with prejudice before he could attempt to pay the partial filing fee from a non-release fund account in accordance with the district court's rules. When Mr. Beyer did not meet the deadline, the district court did not allow an extension or communicate with the prison trustees to determine the status of his payment. In addition, the district court declined to consider Mr. Beyer's explanation for his delay in payment.

We conclude that the district court's relatively short deadline, the absence of a minimal extension, and the dismissal with prejudice constituted an abuse of discretion by the district court.

Accordingly, we VACATE the judgment of the district court and REMAND the case for further proceedings.