**Ronald COHEN & Madeline Cohen, Plaintiffs–Appellants,**

v.

**John P. HOYER, Defendant–Appellee.**

No. 01–2398.

United States Court of Appeals, Seventh Circuit.

Argued March 6, 2002.

Decided March 26, 2002.

756

Before POSNER, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Ronald and Madeline Cohen initiated this lawsuit in February 1999, but after an extended period of inactivity, the district court dismissed the case for want of prosecution. The district court also denied the Cohens' two post-judgment motions. The notice of appeal was timely only with respect to the denial of the second post-judgment motion, and because that motion failed to raise any grounds that would warrant relief, we affirm the judgment of the district court.

According to the Cohens' complaint, Mr. Cohen was driving his car with his wife in the passenger seat when a vehicle driven

by John Hoyer crossed in the Cohens' lane and crashed into their car. After settlement negotiations proved fruitless, the Cohens filed this lawsuit, relying on the diversity jurisdiction and alleging two counts of both negligence and loss of consortium. The complaint was filed on February 11, 1999, and, in July of that year, Hoyer answered the complaint and raised a counterclaim based on the alleged negligence of the Cohens.

The docket sheet documents that, after Hoyer's July 1999 filing, activity in the lawsuit was essentially limited to a status hearing in late-September 1999, the withdrawal of the Cohens' original attorneys in December 1999, and the appearance of new counsel for the Cohens in March 2000. Finally, in September 2000, the district court noted the lack of activity since the Cohens' new attorneys entered an appearance and ordered the Cohens to file a status report within 30 days or else the court would dismiss the case. Two months later on November 29, having heard nothing from the Cohens, the district court dismissed their complaint for want of prosecution.

Within a week the Cohens filed what they characterized as a "motion to vacate" the dismissal, asserting that they never received the court's September order instructing them to file a status report, despite the notation on the docket sheet that notice of the order was mailed. The Cohens also explained that settlement negotiations with Hoyer's insurance company were in progress, acknowledged that written and oral discovery had yet to be completed, and suggested that a settlement conference "would be most beneficial in attempting to resolve this matter." On December 29, 2000, the district court entered an order denying the Cohens' request, noting that the motion failed to cite as authority any Federal Rule of Civil

Procedure. The district court further observed that the Cohens had displayed an "utter lack of diligence in prosecuting both this motion and the entire case" given that they failed to follow the local rules for filing and presenting motions, failed to examine the case file, and failed to complete discovery in the two years their case was pending.

One month later the Cohens, this time expressly relying on Fed.R.Civ.P. 60(b)(1), filed what they captioned as a motion to reconsider the order denying their "motion to vacate" but which ultimately sought as relief an order vacating the dismissal of their complaint. In this second motion the Cohens acknowledge that their previous motion had not complied with local rules or included "a complete history of the case," but they explain that the inactivity in their case had resulted from discussions with Hoyer about the possibility of alternative dispute resolution (ADR). According to the Cohens, they hired new counsel in March 2000, and in June that attorney contacted Hoyer's lawyer about utilizing ADR to resolve the case. Hoyer's counsel responded affirmatively but suggested that the parties try to settle the dispute before proceeding with ADR. In September 2000 the parties were informed that the adjuster handling the case for Hoyer's insurer had left the company and that a new adjuster would be assigned to continue participating in the settlement negotiations. Before that could happen, the Cohens explain, they received notification that their case had been dismissed. The Cohens urged the district court to vacate the dismissal in light of counsel's "inadvertinence" [sic], because the inactivity in the case was caused by counsel's efforts to pursue a settlement of the dispute.

In response, Hoyer disputed the Cohens' contention that ADR negotiations stalled progress in the case. According to Hoyer,

the parties had never agreed to refer the matter to ADR. Moreover, Hoyer claimed, the Cohens had failed to respond to his written requests for discovery or notice of depositions. The Cohens replied that their case file contained no discovery from Hoyer or any follow-up demands from him and that they had discussed settlement with Hoyer's attorney "on at least six occasions over the past year."

The district court denied the Cohens' "motion to reconsider," stating that "post-judgment explanations for dilatory conduct do not demonstrate the diligence or extraordinary circumstances necessary to invoke Rule 60(b)(1) relief." The Cohens filed a notice of appeal, purporting to challenge the dismissal of their complaint, the denial of their initial "motion to vacate," and the denial of their later "motion to reconsider." Recognizing that the notice was timely only with respect to the second post-judgment motion, we issued an order during our jurisdictional screening process limiting the appeal to review of that order.

■ We begin our analysis by attempting to define each of the post-judgment motions the Cohens submitted to the district court. The Cohens filed their first post-judgment motion, styled as a "Motion to Vacate Dismissal for Want of Prosecution," six days after the district court entered an order dismissing their case. This motion requests that the district court vacate its dismissal order because counsel never received the instruction to file a status report and because settlement negotiations were ongoing. Despite the title, the Cohens' challenge to the judgment, filed within 10 days of entry of that judgment, should be construed as a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e). *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 729 (7th Cir.1999).

■ The Cohens also filed a second post-judgment motion, entitled "Motion to Reconsider Court's Order of December 28, 2000," citing to Fed.R.Civ.P. 60(b)(1). Although it purports to challenge the denial of their first post-judgment motion, this motion simply reiterates the Cohens' request that the court vacate the dismissal for failure to prosecute and tries to provide more detail regarding the purported settlement discussions. As the Cohens essentially concede in the motion itself, their renewed effort was an attempt to finally provide the "complete history of the case" that was omitted from their earlier Rule 59(e) motion.

■ Rule 60(b)(1) allows a district court to relieve a party from an order on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). This relief is an extraordinary remedy to be used only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir.2000). We review a district court's denial of a Rule 60(b) motion deferentially and will reverse only upon a finding that the district court abused its discretion and that no reasonable person could agree with the district court. *Castro v. Bd. of Educ.*, 214 F.3d 932, 934–35 (7th Cir.2000). Moreover, because the district court had discretion in dismissing for want of prosecution, *Beyer v. Cormier*, 235 F.3d 1039, 1041 (7th Cir. 2000), its decision to deny the Cohens' Rule 60(b) motion to reinstate the case was an exercise of "discretion piled on discretion." *Brandon v. Chicago Bd. of Educ.*, 143 F.3d 293, 295 (7th Cir.1998) (citation omitted).

■ The Cohens devote much of their brief to protesting the dismissal for failure to prosecute. Hoyer responds that the denial of a Rule 60(b) motion typically does not trigger appellate review of the merits of the underlying decision. In cases in-

volving an underlying dismissal for failure to prosecute, however, Rule 60(b) relief is warranted if a party can demonstrate "extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Dickerson v. Bd. of Educ.*, 32 F.3d 1114, 1116 (7th Cir.1994) (citation omitted). Accordingly, the review of the denial of a 60(b) motion is "somewhat collapsed" into a review of the dismissal. *Del Carmen v. Emerson Elec. Co., Commercial Cam Div.*, 908 F.2d 158, 161 (7th Cir.1990). We will examine the circumstances of the underlying dismissal for the narrow purpose of determining whether there is danger that the dismissal was fundamentally unjust. *Dickerson*, 32 F.3d at 1117; *Del Carmen*, 908 F.2d at 161–62.

■ The Cohens suggest that the district court abused its discretion in denying their motion to reconsider because the dismissal for want of prosecution was incorrect and unjust. A district court is permitted to dismiss a lawsuit if the plaintiff is failing to prosecute it. *Bolt v. Loy*, 227 F.3d 854, 855–56 (7th Cir.2000). In considering such dismissal, district courts should analyze the frequency and magnitude of the plaintiff's conduct, prejudice to the defendant, the disruption to the court's calendar causing prejudice to other litigants, and possible merits of the underlying action. *Id.* at 856; *Ball v. City of Chicago*, 2 F.3d 752, 759–60 (7th Cir.1993).

The circumstances of this case justified a dismissal for failure to prosecute. The Cohens filed their complaint in February 1999; Hoyer answered and filed a counterclaim in July 1999. But no activity of consequence occurred until the district court, in September 2000, ordered the Cohens to submit a status report. Other than filing the initial complaint and changing lawyers, the Cohens seemingly made no effort to advance their case in the district court. They failed even to answer the counterclaim that Hoyer filed alleging they were negligent and partially responsible for the car accident. Moreover, Hoyer asserts–and the Cohens do not directly deny–that they ignored his efforts to conduct discovery and his deposition notices. Given the Cohens' inactivity for over 20 months, the district court was well within its discretion in dismissing for want of prosecution.

The Cohens do not contest the stagnation of their case in the district court. Instead, they argue that the inactivity was acceptable because they were discussing with Hoyer the possibility of a settlement or ADR, although Hoyer disputes the intensity with which those discussions were proceeding. Given Hoyer's assertions that the parties had not reached any sort of agreement regarding ADR, it is unclear whether the Cohens' reliance on a possible settlement as explanation for inactivity is in good faith or reasonable. *See, e.g., GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1200 (7th Cir.1993) (accepting the possibility of settlement as a justification for inactivity and noting that the negotiations were conducted in good faith, were not unreasonably long, and were not pursued after it became clear they would not be beneficial). Regardless, in order to avoid dismissal, the Cohens' need only to have informed the district court and perhaps requested additional time before proceeding with their case. *See id.* ("Certainly the wiser course of action would have been to keep the district court advised of the existence and status of settlement negotiations; had the plaintiff-appellant done so, in all likelihood it would *not* be here today."). Moreover, according to the Rule 60(b) motion, the Cohens' attorney did not initiate conversations with Hoyer's counsel about ADR until June 2000, well over one year after the complaint was filed.

The Cohens also maintain that their failure to file a status report as instructed was a "single lapse of compliance" not warranting the harsh sanction of dismissal. They further argue that they were not contemptuous or proceeding in bad faith because they never received the district court's order directing that they file a status report. Regardless whether the Cohens received the court's order, attorneys have an obligation to monitor their cases and review the docket sheet occasionally. *See Spika v. Village of Lombard, Ill.*, 763 F.2d 282, 285–86 (7th Cir.1985). More importantly, however, the Cohens are myopically focused on their failure to file a status report. They argue that their disobedience was an "isolated incident" caused by failure to periodically review the district court's docket sheet. They cite cases holding that missing a single deadline does not warrant dismissal and that one or two delays do no justify such a harsh sanction. The problem in this case, however, is larger than simply missing one deadline. As described earlier, the Cohens failed to advance their case at all. Even had they gotten the notice and tendered their status report, they would have had to acknowledge in that report that they had done nothing up to that point to advance their case. They showed a long-term pattern of inactivity, and the district court was justified in dismissing–not simply as a sanction for missing a deadline, but rather as a method of controlling its docket and disposing of cases in which plaintiffs fails to prosecute their lawsuits. *See Bolt*, 227 F.3d at 855–56.

Finally, the Cohens assert that the dismissal was precipitous because they never received a warning that dismissal was imminent. Here again the Cohens maintain that they did not receive a copy of the district court's order instructing them to file a status report and warning them that the case would be dismissed if they failed

to do so. Hoyer responds that record does not support their claim of nonreceipt–although it is unclear what proof of nonreceipt the record could contain–and that the docket entry does note that notice of the order was mailed.

■ We have been quite clear that in the absence of contumacious conduct or a clear record of disobedience, "there must be an explicit warning before the case is dismissed." *Ball*, 2 F.3d at 760. *See also id.* at 755–56; *Beyer*, 235 F.3d at 1041. Accordingly, we are troubled by the possibility that the Cohens did not receive the district court's order. We entertain a presumption, however, that documents mailed via the postal service arrive at their intended destination. *Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir.2001); *In re Longardner & Assocs., Inc.*, 855 F.2d 455, 459–60 (7th Cir.1988). Moreover, as noted earlier, counsel has an obligation to exercise diligence in reviewing the court's docket sheet. *Spika*, 763 F.2d at 285–86.

We pause briefly to express our concern that dismissal in this case, although warranted by the inactivity of the Cohens' attorneys, was perhaps a harsh penalty for the Cohens to pay, particularly given the possibility that the Cohens did not have any warning that the district court was displeased with their counsel. Given that our review is of "discretion piled on discretion," *Brandon*, 143 F.3d at 295, however, we will not reverse the district court's dismissal, despite our disinclination for sua sponte dismissals without discussion with the party to be dismissed.

■ Attacking the denial of their Rule 60(b) motion directly, the Cohens argue that the district court abused its discretion by failing to consider the lack of prejudice to Hoyer in reinstating the case and the merits of the underlying action. The district court, having already denied a motion

to vacate the dismissal which contained identical arguments, did not need to explicitly reject each of the contentions the Cohens addressed in their Rule 60(b) motion. Further, the Cohens assert that their inaction on the case was "excusable neglect" given the discussions between the parties about a possible settlement, and so 60(b) relief was warranted. Despite this contention, Hoyer protests the Cohens' characterization about the intensity of the discussions claiming that the parties had not agreed to employ ADR to resolve the case. Moreover, these discussions, whatever their strength, did not begin until well over one year after the complaint had been filed. Accordingly, the district court was well within its discretion in rejecting that excuse as justification for the failure to prosecute the case.

AFFIRMED.