In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-2902

LEONARD THOMAS,

*Plaintiff-Appellant*,

*v.*

KEITH BUTTS, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:12-cv-00443-JMS-DKL — **Jane E. Magnus-Stinson**, *Judge.*

SUBMITTED MARCH 12, 2014[*] — DECIDED MARCH 13, 2014

Before BAUER, MANION, and ROVNER, *Circuit Judges.*

PER CURIAM. Leonard Thomas, an Indiana prisoner, sued
prison officials and medical personnel at the Pendleton

[*] Because there are no appellees to be served in this appeal, the appeal has
been submitted without the filing of appellees' briefs. After an examination
of the appellant's brief and the record, we have concluded that oral
argument is unnecessary. Thus, the appeal is submitted on the appellant's
brief and the record. *See* FED. R. APP. P. 34(a)(2).

Correctional Facility under 42 U.S.C. § 1983 for deliberate indifference to his epilepsy in violation of the Eighth Amendment. The district court dismissed without prejudice after Thomas did not pay the initial partial filing fee that the court assessed under 28 U.S.C. § 1915(b)(1). We vacate the dismissal because the judge dismissed the suit without determining if Thomas was at fault for not paying.

At the start of litigation, Thomas moved to proceed in forma pauperis, attaching two documents covering the previous six months: a record of transactions for his prisoner trust account and a certificate of his average monthly balance. The transaction record shows an ending balance of $.02 and the certificate, signed by a prison official, states that the average monthly balance was $43.50. The district judge granted the motion, assessed an initial partial filing fee of $8.40 under the Prison Litigation Reform Act, and ordered Thomas to pay this initial fee within three weeks.

A month after the payment deadline had passed, the judge dismissed the case without prejudice because the initial fee had not been paid. Thomas sent a letter to the court challenging the dismissal. He maintained that when his payment came due he had no money and no income, and that any money he does receive is immediately and automatically deducted by the prison to pay for debts he incurred by printing copies of his complaint. The judge did not respond to Thomas's letter.

About five weeks after the dismissal (39 days to be exact), Thomas sent another letter to the court. In this letter, he stated that he wished to appeal the dismissal but that he had been unable learn how to timely do so because he did not have

access to the law library and because the prison was interfering with his mail. In response to this second letter, the judge granted Thomas another 14 days to file a notice of appeal, and Thomas filed the notice 12 days later.

Before proceeding to the merits of Thomas's appeal, we must determine whether we have jurisdiction to hear the case. *See Minn. Life Ins. Co. v. Kagan*, 724 F.3d 843, 846 (7th Cir. 2013). We see two potential concerns with jurisdiction, but both are resolved in favor of hearing the appeal. First, a dismissal without prejudice is generally not appealable, *Ennenga v. Starns*, 677 F.3d 766, 772 (7th Cir. 2012), but an exception applies when the dismissal is "conclusive in practical effect," *see Schering-Plough Healthcare Prods., Inc. v. Schwarz Pharma, Inc.*, 586 F.3d 500, 507 (7th Cir. 2009) (internal quotation marks omitted). The dismissal here, though without prejudice, is conclusive for two reasons: First, because Thomas's transaction report shows (and he asserts to us) that he has no funds, he cannot remedy the problem that led to the dismissal and, second, the statute of limitations has run on at least some of his claims. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1026 (7th Cir. 2013); *Schering-Plough*, 586 F.3d at 506–07. Accordingly, the non-prejudicial nature of the dismissal does not impair our jurisdiction.

The second issue is timeliness. Thomas did not file the notice of appeal within 30 days after the dismissal, as ordinarily required by Federal Rule of Appellate Procedure 4(a)(1)(A). But Rule 4(a)(5)(A)(ii) allows a district court to extend the filing deadline if a party "shows excusable neglect or good cause" and the party asks for the extension within 30 days after the filing deadline. Thomas asked for his extension

on the 39th day after dismissal, just 9 days after the filing deadline. The district court granted Thomas an extension of 14 days, as the Rule permits, based on his lack of access to the law library and his problems with the mail, and Thomas then filed the notice of appeal within that period. Because the court's grant of the extension was reasonable, the appeal was timely. *See Abuelyaman v. Ill. State Univ.*, 667 F.3d 800, 807–08 (7th Cir. 2011).

We thus proceed to the merits. Thomas argues on appeal that the district court abused its discretion by dismissing his suit. He contends that the dismissal was unreasonable because he had no money and no income at the time his initial payment was due and thus could not pay the partial filing fee.

We note at the outset that the district court committed no error in determining the initial partial filing fee. The certificate that Thomas submitted stated that his average monthly balance was $43.50. With a bit of calculation, we see from his transaction history that his average monthly deposit was $8.26. The PLRA provides a formula for assessing the initial fee for prisoners proceeding in forma pauperis—the greater of 20% of the average monthly deposit or 20% of the average monthly balance for the six preceding months. *See* 28 U.S.C. § 1915(b)(1). The court's assessment of an initial partial filing fee of $8.40, which is just slightly less than 20% of $43.50, was consistent with this formula. Thomas argues that the certificate he supplied contains an error because the prison official who reported the average monthly balance on the certificate miscalculated. But this mistake or misrepresentation does not undermine the court's assessment of the initial partial filing fee because the judge did not know of the alleged inaccuracy at the

time of assessment, and Thomas never brought it to the district judge's attention.

Although the district court properly assessed the initial partial filing fee, it abused its discretion by dismissing the case without determining whether Thomas was at fault for not paying that initial fee. Section 1915(b)(4) warns: "In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." Because a court may not dismiss the suit of a prisoner who has "a lack of funds in the account," the court must determine if nonpayment happened for that reason. *Wilson v. Sargent*, 313 F.3d 1315, 1321 & n.7 (11th Cir. 2002) (vacating dismissal and ordering that the prisoner "be given some reasonable opportunity" to explain the nonpayment); *see also Beyer v. Cormier*, 235 F.3d 1039, 1041 (7th Cir. 2000) (vacating dismissal where district court did not consider prisoner's explanation for nonpayment of filing fee); *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (vacating dismissal for nonpayment and ordering that, before dismissal, "the district court should take reasonable steps to ascertain" what the prisoner has done to comply with the initial-payment order); *Taylor v. Delatoore*, 281 F.3d 844, 850–51 (9th Cir. 2002) (vacating dismissal and observing that district court may not dismiss prisoner's suit when prisoner lacks funds to pay the initial partial filing fee). But if the court finds that the prisoner "is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action." *Wilson*, 313 F.3d at 1322 n.7; *see also Newlin v. Helman*, 123 F.3d

429, 435 (7th Cir. 1997) (noting that a prisoner who "squander[s]" all his assets has the "means" to pay and is not exonerated by section 1915(b)(4)), *overruled in part on other grounds by Lee v. Clinton*, 209 F.3d 1025, 1026–27 (7th Cir. 2000); *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003).

This approach—requiring the court to learn before dismissal whether the prisoner is at fault for the nonpayment of the initial fee—is appropriate for several reasons. First, it is consistent with the language of the PLRA, which directs courts to collect the initial partial filing fee only "when funds exist." 28 U.S.C. § 1915(b)(1); *see Wilson*, 313 F.3d at 1320; *Taylor*, 281 F.3d at 850. Second, this approach recognizes the reality that prisoners have limited control over the processing of their inmate trust-fund withdrawals and rely on the custodial institution to transfer the funds. *See Hatchet*, 201 F.3d at 652; *Wilson*, 313 F.3d at 1321. And third, requiring the district court to learn before dismissal why the fee has not been paid comports with our admonishment that, "[i]n the absence of contumacious conduct or a clear record of disobeying court orders, it is an abuse of discretion to dismiss without first firing a warning shot or imposing other lesser sanctions." *Beyer*, 235 F.3d at 1041 (citations omitted); *see Johnson v. Chi. Bd. of Educ.*, 718 F.3d 731, 733 (7th Cir. 2013).

Accordingly, before dismissing Thomas's suit, the district court should have attempted to learn why the fee had not been paid by, for example, issuing a show-cause order. *See Wilson*, 313 F.3d at 1321; *Hatchet*, 201 F.3d at 654. Thomas asserts on appeal that he could not pay the initial fee because he simply had no funds and no income when payment was due. That may be correct: The transaction record that Thomas submitted

to the district court shows that his ending account balance was only $0.02, that he received no deposits in the previous two months, and that only $1.50 had been deposited into the account during the previous three months. But the truth of his assertion that he lacked funds, and whether he can be faulted for lacking them, is for the district court to determine in the first instance.

Accordingly, we VACATE the dismissal and REMAND the case for further proceedings.