**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 21, 2015*
Decided April 22, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-2255

| | |
|---|---|
| MICHAEL BLAKES, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 11-cv-932-JPG-DGW |
| | |
| LINDA FOUTCH, et al., | J. Phil Gilbert, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Michael Blakes, an Illinois prisoner, contends in this suit under 42 U.S.C. § 1983 that a physician and nurse were deliberately indifferent to his medical needs in violation of the Eighth Amendment. He moved to proceed in forma pauperis, *see* 28 U.S.C. § 1915(a), providing account statements showing a balance of over $1,600 and average monthly deposits of about $600 for the past six months. The district court granted the motion in November 2011, but ordered Blakes to pay an initial, partial filing fee of $340.64. About two years later, the district court discovered that Blakes had never paid the initial fee. It then dismissed the action without prejudice after giving Blakes three warnings to pay and

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

determining that Blakes did not make "a good faith effort to pay any part of the assessed fee." Because the district court made no clear error in its factual findings, we affirm.

The magistrate judge ordered Blakes in November 2013 to show cause why he hadn't paid the "initial partial filing fee of $340.64" ordered two years earlier, "[o]n November 16, 2011." The judge warned Blakes that his case could be dismissed if he did not pay or respond by January 2014. Blakes responded a few days later, giving as his sole reason that he "has been and still is indigent," and thus unable to pay. He attached a new record of the transactions for his prisoner trust account. The magistrate judge determined Blakes had the ability to pay when the *initial* filing fee was imposed, even if he had since depleted his balance, and recommended to the district judge that Blakes be ordered to pay the filing fee within 60 days or face dismissal.

Blakes objected to the recommendation, but the district court adopted it. He offered a new reason for nonpayment: he said that he never received the November 2011 order and that the prison, not he, controlled disbursement of the funds. In adopting the magistrate judge's recommendation, the district judge observed that in his response to the show-cause order Blakes never mentioned not receiving the November 2011 order. The district judge therefore discredited that new excuse but gave Blakes two months to pay the filing fee or face dismissal. Blakes did not pay, but ten days before the deadline he moved to reconsider, arguing that the 2013 show-cause order did not mention the fee order from November 2011, so he did not think to argue that he did not receive it. The district court rejected this latest explanation and dismissed the case in May 2014, finding that Blakes had not made a good faith effort to pay any part of the partial filing fee.

On appeal Blakes argues that the district court abused its discretion by dismissing his suit. He repeats that he was not aware of the 2011 order until after the magistrate judge recommended dismissal. Moreover, he adds, the prison controls his account and, in a new argument not mentioned to the district court, in March 2014 he filed a grievance about the trust-fund office's handling of the 2011 order. Finally, he asserts, he cannot pay the filing fee now.

The district court properly found that Blakes offered no good reason for failing to pay the initial filing fee. Before dismissing a suit for nonpayment, a district court must give a prisoner the opportunity to explain his failure to pay and determine if the failure was the prisoner's fault. *See Sultan v. Fenoglio*, 775 F.3d 888, 890 (7th Cir. 2015); *Thomas v. Butts*, 745 F.3d 309, 312 (7th Cir. 2014). We review its findings of fact for clear error. *See Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 307 (7th Cir. 2002). The district court gave Blakes

ample opportunity to explain his failure to pay, and it did not clearly err in finding Blakes at fault. Blakes's first excuse for his late payment was indigence. But his account statements from 2011 show that he had adequate funds to pay then. His second explanation was that he did not know about the fee order when, or before, the magistrate judge issued the show-cause order in 2013. But the district judge understandably rejected that explanation because, contrary to it, the show-cause order explicitly refers to the "Order … directing Plaintiff to pay an initial partial filing fee of $340.64" issued "[o]n November 16, 2011." Permissibly finding him not credible, the district court therefore reasonably concluded that Blakes knew about his obligation to pay in 2011, when he had the means to pay, but did not do anything to fulfill his obligation. Finally, his grievance to the prison about the issue—coming five months after the show-cause order and not mentioned to the district court—is too belated to change that conclusion.

AFFIRMED.