In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 15-2479

TUWAYNE BELL,

*Plaintiff-Appellant,*

*v.*

SUPERVISOR KAY, et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14 C 9965 — **John W. Darrah**, *Judge.*

_____

SUBMITTED FEBRUARY 2, 2017[*] — DECIDED FEBRUARY 7, 2017

_____

Before WOOD, *Chief Judge*, and POSNER and KANNE, *Circuit Judges*.

_____

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the appellant's brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

PER CURIAM. Tuwayne Bell, an Illinois prisoner, appeals the denial of his application to proceed in forma pauperis and the dismissal of his civil rights suit for failure to prosecute. The district court denied his application because Bell did not attach to it his inmate trust-account ledger. But the court did not assess Bell's explanation that he could not attach the ledger because prison staff had refused to give it to him. Because the district court unreasonably dismissed the suit without first evaluating Bell's exculpatory explanation, we vacate the dismissal and remand.

Bell began this suit by filing a request for pauper status and his complaint. The complaint alleged that while he was working in the kitchen at the jail where he was previously detained, hot water spilled on his foot and burned him. He sued the kitchen supervisors, the food supply company, and others, and asserted that they deliberately disregarded inmates' safety by ignoring complaints of unsafe conditions and providing improper protective gear. His request to proceed in forma pauperis did not include a printout showing transactions in his trust fund accounts over the previous six months, as required by 28 U.S.C. § 1915(a)(2). But Bell swore that he could not submit this printout because staff at East Moline Correctional Center, where he was incarcerated at the time he filed suit, refused to give him a copy or sign anything.

The district court denied Bell's application to proceed without prepaying fees because, without the ledger, it was incomplete. Without setting a deadline, the court warned Bell that if he did not submit a new application with a copy of the trust fund ledger or pay the full filing fee, it would dismiss his case. The court also noted Bell's statement "that

prison officials have refused to give him the financial information he requires." But it did not evaluate the statement's veracity or significance, or order the prison to provide the ledger. It did, however, instruct the clerk to "forward a copy of this order to the trust fund officer at East Moline Correctional Center to facilitate compliance."

Three months later the district court dismissed the suit. In explaining the dismissal, the court observed that it had ordered Bell to submit a completed application "within thirty days" or risk dismissal. Because, the court continued, Bell failed to comply with this warning, it dismissed the case pursuant to Federal Rule of Civil Procedure 41(b) and declared that the "case is terminated."

Two months later Bell tried to revive the suit. He wrote to the district court, saying that he recently received the dismissal order and that he never had received the order denying his application and warning him to submit a completed one. The court interpreted Bell's letter as a "motion to reconsider" the dismissal, but denied it because, the court reasoned, Bell still had not submitted a completed application.

On appeal Bell challenges the district court's dismissal, repeating that he never received the order telling him that his application was incomplete. Now at a different prison, where he has received the ledger, this court granted him leave to proceed on appeal without prepaying fees.

We begin by explaining our jurisdiction to review the order dismissing the suit. Bell filed his notice of appeal 71 days after the court issued the order that dismissed his suit and gave its reason for doing so. That order was not the "'sepa-

rate document'" of judgment required by Rule 58 of the Federal Rules of Civil Procedure because it "states rather than omits the reason for dismissal." *Brown v. Fifth Third Bank*, 730 F.3d 698, 701 (7th Cir. 2013) (Posner, J., in chambers); *Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994) (en banc) (A proper Rule 58 order should say "who has won and what relief has been awarded, but omit[] the reasons for this disposition"). Because the district court did not enter a separate judgment, Bell's time to appeal the dismissal did not begin running until 150 days after the order, *see* FED. R. CIV. P. 58(c)(2)(B), and his notice of appeal is treated as filed on that date, *see* FED. R. APP. P. 4(a)(2). *See Calumet River Fleeting, Inc. v. Int'l Union of Operating Eng'rs, Local 150, AFL–CIO*, 824 F.3d 645, 650 (7th Cir. 2016). So Bell's appeal of the dismissal order is timely. It also brings up for review the earlier order denying Bell's application to proceed in the district court without prepaying the filing fee. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1019–20 (7th Cir. 2013).

We conclude that the district court acted unreasonably in denying Bell's application to proceed without prepaying fees and dismissing the suit. A district court errs when it dismisses an inmate's suit for nonpayment of a filing fee without determining whether the prisoner is at fault in not supplying what the court required from the inmate's trust account. *Sultan v. Fenoglio*, 775 F.3d 888, 890 (7th Cir. 2015); *Thomas v. Butts*, 745 F.3d 309, 312 (7th Cir. 2014). Prisoners have limited control over their prison trust accounts, and "it is entirely predictable that the prison will prefer to postpone [an inmate's] ability to pursue litigation against itself." *Sultan*, 775 F.3d at 890; *Thomas*, 745 F.3d at 313. Bell swore that he could not append his account ledger to his otherwise-complete application because prison officials refused to pro-

vide it to him. The district court, having noted that explanation, should have assessed its truthfulness, and if truthful the court should have decided whether Bell was at fault for not completing the application.

The district court's later actions did not rectify the error. First, the court never ordered prison officials to provide the ledger, despite Bell's statement that they would not give it to him. The court merely directed its clerk to notify prison officials that Bell wanted the ledger. But the officials presumably knew that already because Bell had requested it. Second, the court incorrectly stated that its warning to file a completed application or face dismissal included a 30-day deadline. Third, the court never addressed Bell's post-dismissal explanation that he never even received the order denying him pauper status and its warning. Without having received the warning and, even if he did, without the warning specifying a deadline, Bell cannot be faulted for missing the deadline. *See Sroga v. Huberman*, 722 F.3d 980, 982–83 (7th Cir. 2013) (reversing dismissal for failure to prosecute where plaintiff explained in postjudgment motion that he did not receive the court's warning in the mail and the court did not explain why it doubted explanation). Dismissal is a harsh sanction and should not occur unless the court concludes that it is necessary because other options have failed or would fail. *Thomas*, 745 F.3d at 313; *Johnson v. Chi. Bd. of Educ.*, 718 F.3d 731, 732–33 (7th Cir. 2013); *Beyer v. Cormier*, 235 F.3d 1039, 1041 (7th Cir. 2000). The court did not properly reach this conclusion, so the suit must be reinstated.

Accordingly, we VACATE the dismissal and REMAND for further proceedings.