NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2018[*]
Decided April 2, 2018

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-1612

| | |
|---|---|
| CHRISTOPHER E. WASHINGTON, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:16-CV-496 TLS |
| MARK SEVIER, *Defendant-Appellee*. | Theresa L. Springmann, *Chief Judge*. |

**O R D E R**

While he was an inmate at Westville Correctional Facility in Indiana, Christopher Washington, an Indiana citizen, injured himself when he fell in the shower. He sued Mark Sevier, the superintendent of the facility and also an Indiana citizen, under Indiana Code § 11-8-4-8 for negligently failing to prevent shower injuries. The case never reached the merits. The district judge dismissed it when Washington did not pay the filing fee

---

[*] Appellee Mark Sevier was not served with process in the district court and is not participating in this appeal. We have corrected the misspelling of his name in the complaint. After examining the appellant's brief and the record, we have concluded that oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

after the judge denied his request for leave to proceed in forma pauperis. The judge denied that application because Washington's gross income exceeded the poverty line; she did not consider Washington's expenses and liabilities. We have jurisdiction to consider this appeal because a case dismissed without prejudice for failure to pay a filing fee is conclusive in practical effect when, as here, the plaintiff tells us that he has insufficient funds and cannot remedy the problem that led to dismissal. *See Thomas v. Butts*, 745 F.3d 309, 311 (7th Cir. 2014).

We affirm the decision to dismiss the case because the district court lacked subject-matter jurisdiction over it. We must always consider whether the federal courts have subject-matter jurisdiction over cases before us. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Washington asserts a claim of negligence under Indiana law, so he does not base jurisdiction on a federal question. *See* 28 U.S.C. § 1331. And Washington cannot base jurisdiction on diversity of citizenship because he and Sevier are citizens of the same state. *See* 28 U.S.C. § 1332. We know this because we ordered Washington to amend his jurisdictional statement to clarify the basis for subject-matter jurisdiction. We told him that if he based jurisdiction on a federal question, he must "identify the provision of the constitution or the federal statute involved." We also told him that if he based jurisdiction on diversity of citizenship, his response must "identify the jurisdictional amount and the citizenship of each party to the litigation." In his response Washington did not identify a constitutional right or federal law, and he said that both he and Sevier are Indiana citizens. With no federal question, no diversity of citizenship, and no other basis for subject-matter jurisdiction, the case cannot proceed in federal court. *See Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 455 (7th Cir. 2009).

We may affirm on jurisdictional grounds because there is no priority among non-merits-based reasons for dismissing a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999); *Meyers v. Oneida Tribe of Indians of Wis.*, 836 F.3d 818, 823 (7th Cir. 2016), *cert denied* 137 S. Ct. 1331 (2017). Therefore we need not decide whether the district judge abused her discretion in denying pauper status based on Washington's assets and income without also considering his expenses and liabilities. *See Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015) (ruling that district court abused its discretion in denying pauper status when court included spouse's income with litigant's assets without also considering spouse's liabilities); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 (11th Cir. 2004) (same ruling when district judge considered litigant's assets without also considering litigant's liabilities). *See also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (stating that payment of filing fee should not require that the plaintiff forego the "necessities of life").

Because the district court lacked jurisdiction, the judgment of dismissal is AFFIRMED.